In the Matter of NATHAN GREENBERG, an Attorney, Respondent.

First Department, February 5, 1926.

Attorney and client — disciplinary proceedings — attorney disbarred for conversion of funds belonging to clients — respondent's defense is incredible and supported by untrue testimony.

An attorney at law is disbarred for converting moneys belonging to his client which had been deposited in court as a tender and which he procured from the clerk of the court and for converting moneys collected on behalf of another client.

The attorney's defense is incredible and is supported by contradictory and untrue testimony.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

Respondent in person.

CLARKE, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the January, 1921, term of the Appellate Division, First Department, and has since practiced as such attorney since his admission.

The petition alleges that the respondent has been guilty of mis-

conduct as an attorney at law and sets forth two specifications in each of which he was charged with the conversion of his client's money, collected by him.   The learned official referee, to whom the matter was referred, states in his report that " The evidence offered by the respondent is unreliable, and fails to refute or disprove the charges or justify his conduct.   I, therefore, report to the court that in my opinion both charges made against the respondent have been fully sustained by a preponderance of the evidence."

The first charge is in substance that while acting as attorney for the plaintiff in an action brought by the Perforated Pattern Machine Co., Inc., against Celli & Glass, in the Municipal Court of the City of New York he procured from the clerk of the court a check drawn to the order of his client for $301.50, the amount of the tender which had been deposited by the defendants in the action and without the knowledge or consent of his client he indorsed the name of the Perforated Pattern Machine Co., Inc., on the back of the check, deposited it in his own bank account and converted the proceeds to his own use.   It appears that the respondent's client conducts an embroidery supply business in the name of the Perforated Pattern Machine Co., Inc.   In July, 1923, in the name of that company respondent brought an action against Celli & Glass in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, and caused a summons to be served on the defendants. Respondent was designated as attorney for the plaintiff therein. On July 9, 1923, the defendants in the action appeared by attorney and tendered the sum of $301.50, which amount they paid into court on that day.   On July 23, 1923, the respondent sent a letter to the clerk of the court in which he said:

" Re Perforated Pattern Machine Co. Inc.

vs.

" Celli & Glass, Index #13662/1923.

" DEAR SIR.— In the above entitled action there is on deposit the sum of $301.50 which the defendants made a tender of on July 9th, 1923.   May I ask you to be good enough and send your check or advise me whether I can call for it.

" Thanking you very kindly,     " Yours truly,

" NG/EP.                          N. GREENBERG."

Thereafter the clerk of the court delivered to the respondent the check for $301.50, dated July 26, 1923, and drawn to the order of Perforated Pattern Machine Co., Inc.   The respondent indorsed the name of the " Perforated Pattern Machine Co. Inc." on the back of this check, in a handwriting different from his own and then signed his proper signature underneath said indorsement, deposited

First Department, February, 1926.                    [Vol. 216

the check in his bank and used the proceeds. This check was deposited in respondent's bank, Peoples Commercial Bank, on July 30, 1923. Two days thereafter, on the 1st of August, 1923, his client prepared and mailed a letter to the clerk of the court in which it stated:

" DEAR SIR.— Will you be good enough to mail check for $301.50 relative to case #13662 Perforated Pattern Machine Co. Inc. against Celli and Glass.

" Yours very truly,
" PERFORATED PATTERN MACHINE CO. INC.
" LOUIS SHARKEY, *Pres.*"

The clerk of the court returned this letter to Sharkey with the following indorsement: "August 2, 1923; See your atty Nathan Greenberg, 116 Nassau."

The transcript of the bank account of the respondent shows that while the check received from the clerk amounting to $301.50 was deposited on July 30, 1923, on August 4, 1923, there was only $2.10 left in the bank account.

The second charge was that in the summer of 1923 the Regent Textile Company placed in respondent's hands for collection a claim for one hundred dollars against one Porchevnick doing business in Coney Island. Thereafter the respondent arranged with Porchevnick that the claim be paid in installments. Eighty-five dollars were paid in installments of five and ten dollars at a time from May 9, 1923, to July 12, 1923. These sums were converted by the respondent to his own use.

The defense interposed to these charges was utterly inconsistent with the facts proven and was entirely discredited by the official referee. . It appears that the evidence of the respondent upon the stand was contradictory to that which he had given upon the hearing before the committee on grievances of the Bar Association, that is to say, that in addition to the conversion of his client's money he has given contradictory testimony and set up an incredible defense.

We have carefully examined the entire record and approve of the finding and conclusion of the learned official referee. The record establishes that being in straightened circumstances he converted his client's money to his own use and attempted to shirk the consequences by misleading and untrue evidence.

We think it would be unsafe to permit him longer to remain a member of the bar and he should, therefore, be disbarred.

DOWLING, MERRELL, MCAVOY and BURR, JJ., concur.

Respondent disbarred. Settle order on notice.